UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ORECK CORPORATION HALO VACUUM
MARKETING AND SALES PRACTICES LITIGATION                     MDL No. 2317

IN RE: ORECK CORPORATION ProShield PLUS AIR
PURIFIER MARKETING AND SALES PRACTICES LITIGATION            MDL No. 2318


TRANSFER ORDER


**Before the Panel:**[*]   Three motions for centralization, pursuant to 28 U.S.C. § 1407, are pending in these two dockets.  In MDL No. 2317, defendant Oreck entities[1] (Oreck) move for centralization of all or parts of five actions in the Northern District of Illinois: two actions involving only claims concerning Oreck's Halo vacuum cleaner (the Central District of California *Latta* and Northern District of Illinois *Ruscitti* actions) and the Halo-related claims in three other actions (the Central District of California *Chenier* and *Edge* actions and the Southern District of Ohio *Paragin* action).  In MDL No. 2318, Oreck moves for centralization of all or parts of three actions in the Southern District of Florida: one action involving only claims concerning three models of Oreck air purifiers[2] (the Southern District of Florida *Stiepleman* action) and the air purifier-related claims in two other actions (the *Edge* and *Paragin* actions).  In the third motion, plaintiffs in *Latta* and *Edge* move for centralization of all six actions, which are listed on Schedule A, in the Central District of California.

Plaintiff in the *Stiepleman* action supports Oreck's MDL No. 2318 motion to centralize the air purifier actions/claims in the Southern District of Florida.  Plaintiffs in *Ruscitti*, *Chenier*, and *Paragin* support the *Latta* and *Edge* plaintiffs' motion for centralization of all actions in a single MDL in the Central District of California.

On the basis of the papers filed and hearing session held, we find that these six actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient

---

[*]   Judge W. Royal Furgeson, Jr., took no part in the disposition of this matter.

[1]   Oreck Corp., Oreck Direct, LLC, Oreck Holdings, LLC, and Oreck Homecare, LLC.

[2]   The XL Professional, the ProShield, and the ProShield Plus.

- 2 -

conduct of the litigation.[3]  The subject actions share factual issues arising from allegations that Oreck falsely and deceptively marketed the subject products – both the Halo and the air purifiers – as highly effective in eliminating common viruses, germs, and allergens, and reducing the risk of, or preventing, the flu or other illnesses.  Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other pretrial issues, and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization of the actions in a single MDL, Oreck argues, *inter alia*, that the relevant technology in the Halo (a UV-C "light chamber") is quite different from that in the air purifiers (a "Truman Cell" electrostatic precipitator).  We note, however, that Oreck marketed the Halo and at least one of the air purifiers (the ProShield Plus) together, touting, in particular, their purported flu-fighting capabilities.  The two other air purifiers were similarly marketed as possessing the ability to capture and destroy viruses, as well as bacteria, mold, and allergens.  In addition, both the Halo and the ProShield Plus were the subject of a single Federal Trade Commission (FTC) complaint.[4]  Although the underlying technology as to the Halo and the air purifiers may differ, we are persuaded that the actions possess sufficient commonality to warrant centralization in a single docket.[5]  As with any MDL, the transferee judge may account, at her discretion, for differences among the actions through the use of appropriate pretrial devices, such as separate tracks for discovery and motion practice.  *See, e.g., In re Medtronic, Inc., Implantable Defibrillators Prods. Liab. Litig.*, 408 F. Supp. 2d 1351, 1352 (J.P.M.L. 2005).

We conclude that the Central District of California is an appropriate transferee district for pretrial proceedings in this litigation.  The *Edge* action, which is the only action involving all four products (*i.e.*, the Halo and the three air purifiers) is pending in that district, and a majority of plaintiffs favor centralization there.  Further, in the *Chenier* action, which is also pending in the

---

[3]     For administrative purposes, we will terminate the motions in MDL No. 2318.  In addition, we will rename this litigation: "In re:  Oreck Corporation Halo Vacuum and Air Purifiers Marketing and Sales Practices Litigation."

[4]     In May 2011, the FTC approved a final order settling charges that Oreck had made false and unproven claims that the two products could reduce the risk of flu and other illnesses, and eliminate virtually all common germs and allergens.  As part of that settlement, Oreck agreed to pay $750,000, and to cease making a variety of health-related claims concerning the products.

[5]     The two-MDL approach suggested by Oreck is problematic given that the plaintiff in the *Paragin* action purchased both a Halo and an air purifier, and the two plaintiffs in the *Edge* action purchased one or the other of those products.  Oreck's approach would mean that one MDL – the Halo MDL – would consist of two actions *in toto* and the Halo-related claims in two others.  The other – the air purifier MDL – would consist of fewer than three actions: one action in its entirety and the air purifier-related claims in two others.  Oreck has not pointed to any instance in which the Panel has created two MDLs by slicing and dicing just half a dozen actions.  Although separating out the claims in these actions is certainly permissible, *see* 28 U.S.C. § 1407(a), it is not warranted here.

- 3 -

Central District of California, Judge Christina A. Snyder, to whom we assign this MDL, has issued a lengthy ruling on Oreck's motions to strike and dismiss, indicating that the judge has already gained significant familiarity with at least some of the involved allegations.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Christina A. Snyder for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

IT IS FURTHER ORDERED that Oreck's motions for separate centralization are denied, that this litigation is renamed: "In re: Oreck Corporation Halo Vacuum and Air Purifiers Marketing and Sales Practices Litigation," and that all subsequent filings be made in MDL No. 2317.

IT IS FURTHER ORDERED that the motions in MDL No. 2318 are terminated.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil                    Barbara S. Jones
Paul G. Barbadoro                    Marjorie O. Rendell
Charles R. Breyer

**IN RE: ORECK CORPORATION HALO VACUUM**
**MARKETING AND SALES PRACTICES LITIGATION**          MDL No. 2317

**IN RE: ORECK CORPORATION ProShield PLUS AIR**
**PURIFIER MARKETING AND SALES PRACTICES LITIGATION**          MDL No. 2318

## SCHEDULE A

Central District of California

Gina Chenier, et al. v. Oreck Corporation, C.A. No. 2:11-05321
Roxy Edge, et al. v. Oreck Corporation, et al., C.A. No. 2:11-08725
Teri Latta v. Oreck Corporation, et al., C.A. No. 5:11-01082

Southern District of Florida

Scott Stiepleman v. Oreck Corporation, et al., C.A. No. 0:11-61861

Northern District of Illinois

Gregory Ruscitti v. Oreck Corporation, C.A. No. 1:11-03121

Southern District of Ohio

Edward Paragin v. Oreck Corporation, et al., C.A. No. 1:11-00580